### IN THE UNITED STATES DISTRICT COURT

### FOR THE DISTRICT OF NEW MEXICO

ERIC COOPER WALTON,

       Petitioner,

vs.                                          Civil No. 11-196 RB/RHS

LAWRENCE JARAMILLO, Warden,

       Respondent.

### MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

1.  THIS MATTER comes before the Court on consideration of Petitioner Eric Cooper Walton's Petition Under  28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody ("Petition"), filed March 1, 2011 **[Doc. 1]**.  Mr. Walton is confined pursuant to the Judgment and Order Partially Suspending Sentence ("Judgment"), filed on September 25, 2009 in the Third Judicial District, County of Dona Ana, State of New Mexico.  (See Ex. A, attached to Respondents' Answer to Petition ("Answer"), filed May 3, 2011 **[Doc. 12]**).[1]

2.  Pursuant to a no contest plea, Mr. Walton was convicted "of the offense of Criminal Sexual Contact of a Minor in the Third Degree (Child Under 13), a third-degree felony for a sexual offense against a child, contrary to §30-9-13(C), NMSA 1978 . . . as charged in Count I of the Grand Jury Indictment."  (See Judgment at 1).  Following his conviction, Mr. Walton was "committed to the custody of the New Mexico Corrections Department . . . [to serve] a term of six (6) years," followed by a period of supervised parole.  (Id. at 2).  The state trial court further ordered that after serving "three (3) years of this sentence in the custody of the New Mexico

_____

[1]All exhibits referenced in these proposed findings and recommended disposition ("PFRD") are attached to the Answer.

Corrections Department . . . . [t]he remainder of the Defendant's sentence, which is three (3)

years, shall be suspended." (Id.).

3. Mr. Walton, proceeding *pro se*, alleges a total of 17 grounds for relief in his federal

Petition. Twelve (12) grounds are listed in a section entitled "Grounds for filing this Writ of

Habeas Corpus and seeking relief pertaining to my Judgment and Sentencing." (Petition at

CM/ECF page 17). An additional five (5) grounds are listed in a section entitled "Addendum to

Original Writ of Habeas Corpus." (Petition at CM/ECF page 21). Respondents contend that

Petitioner has filed a "mixed petition" consisting of "twelve exhausted claims and five

unexhausted claims." (Answer at 9 ¶ 13).

4. Petitioners generally must exhaust available state court remedies before seeking

redress in a federal habeas corpus petition. See 28 U.S.C. § 2254(b)(1); see also Demarest v.

Price, 130 F.3d 922, 932 (10th Cir. 1997); Picard v. Connor, 404 U.S. 270, 275 (1971).[2]

Moreover, a state prisoner bringing a federal habeas petition bears the burden of showing that he

exhausted state remedies. Hernandez v. Starbuck, 69 F.3d 1089, 1092 (10th Cir. 1995), cert.

denied, 517 U.S. 1223 (1996); Miranda v. Cooper, 967 F.2d 392, 398 (10th Cir. 1992). In this

case, Petitioner apparently concedes that the five (5) grounds set forth in his Addendum are not

exhausted. (See Petition at 13, CM/ECF page 12 (noting that these grounds have not "been

presented to the highest state court having jurisdiction")). The Court finds that the five (5)

---

[2]The exhaustion doctrine is rooted in considerations of federal-state comity and seeks to allow states the opportunity to correct constitutional errors prior to federal intervention. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); see also McCormick v. Kline, 572 F.3d 841, 851 (10th Cir. 2009) ("Exhaustion is a doctrine of comity and federalism 'dictat[ing] that state courts must have the first opportunity to decide a [habeas] petitioner's claims.'") (alterations in original) (quoting Rhines v. Weber, 544 U.S. 269, 273 (2005)). The exhaustion requirement is met when the state's highest court has had an opportunity to reach the merits of a petitioner's habeas claims. See Dulin v. Cook, 957 F.2d 758, 759 (10th Cir. 1992).

grounds set forth in the Addendum of Mr. Walton's Petition are not exhausted.  Thus, Mr.

Walton's federal Petition is considered "mixed" because it contains both exhausted and

unexhausted claims.

5.  Respondents state that Petitioner's unexhausted claims may be asserted in a state

habeas corpus petition pursuant to Rule 5-802 NMRA.  (Answer at 11 ¶ 18).  New Mexico does

not impose a statute of limitations on habeas petitioners.[3]  Under circumstances where it is not

clear that state review is foreclosed and in the interest of comity, a petitioner should be afforded

the opportunity to pursue and exhaust his unexhausted claims in state court.  See e.g., Banks v.

Horn,  126 F.3d 206, 211 (3d Cir. 1997) (advising federal courts to exercise caution before

finding a claim procedurally barred where the possibility of state review exists); Burgin v.

Broglin, 900 F.2d 990, 995 (7th Cir. 1990) (explaining that where the availability of state post-

conviction remedies is unclear, then exhaustion may be required).

6.  A federal petition containing an unexhausted claim is subject to dismissal.  See Rose

v. Lundy, 455 U.S. 509, 520-21 (1982).  However, a federal district court presented with a mixed

petition has several options.  The Court may (1) dismiss the mixed petition in its entirety, (2)

stay the petition and hold it in abeyance while the petitioner returns to state court to assert his

unexhausted claims, (3) permit the petitioner to dismiss the unexhausted claims and proceed

with his exhausted claims, or (4) deny the entire petition on the merits if the unexhausted claims

lack merit.  See Fairchild v. Workman, 579 F.3d 1134, 1156 (10th Cir. 2009) (citing Harris v.

Lafler, 553 F.3d 1028, 1031 (6th Cir. 2009) (other citations omitted)).  Having reviewed the

---

[3]Moreover, the New Mexico Supreme Court has noted that "if doubts arise in particular cases as to whether the grounds in a subsequent application are different, they should be resolved in favor of the applicant."  State v. Canales, 78 N.M. 429, 431 (1967).

Petition, the Court concludes that the "stay-and-abeyance" procedure set forth in Rhines is not

appropriate in this case.  Rather, this Court recommends that Mr. Walton's Petition be dismissed

without prejudice as a mixed petition, unless Mr. Walton chooses to dismiss his unexhausted

claims from the Petition.

        7.  Thus, Mr. Walton has a choice regarding how to proceed.  Mr. Walton may choose to

proceed immediately solely on his exhausted claims before this Court, or he may choose to wait

until he has exhausted all of his claims in state court before proceeding with his federal habeas

petition.  See Clark v. Tansy, 13 F.3d 1407, 1409 (10th Cir. 1993).  Each of these choices is

accompanied by risks and consequences.

        8.  Mr. Walton may choose to withdraw the five (5) unexhausted grounds listed in the

"Addendum" from his Petition and proceed immediately in this Court solely on the twelve (12)

exhausted claims remaining in his Petition.  If he chooses this option, Mr. Walton risks losing

the opportunity to present his five (5) unexhausted grounds in this Court at a later date.  See

Tapia v. LeMaster,172 F.3d 1193, 1195 (10th Cir. 1999) (explaining that a petitioner who opts to

have only exhausted claims heard is considered to have abandoned the unexhausted claims, and

a subsequent federal petition containing those claims will be barred as a successive petition if he

is unable to meet the requirements for filing another petition) (citing Rose, 455 U.S. 509 (1982)).

        9.  Alternatively, Mr. Walton may choose not to withdraw the five (5) unexhausted

grounds from his Petition, in which instance the Petition will be dismissed without prejudice,

and Mr. Walton may pursue his unexhausted claims in state court.  If he chooses this option, Mr.

Walton should bear in mind that the one-year statute of limitation still applies to all of the

grounds in his petition, including those that have been exhausted, and thus, he risks losing the

opportunity to present his grounds at a later date as time-barred.[4]  See Rose, 455 U.S. at 521

(cited in Clark, 13 F.3d at 1409.)

    10.  If Mr. Walton wishes to withdraw and dismiss the five (5) unexhausted grounds from

his Petition and proceed with his federal Petition solely on his twelve (12) exhausted grounds, he

may notify the Court within the fourteen (14) day period allotted for the filing of objections to

these findings.  If Mr. Walton does not notify the Court that he wishes to withdraw and dismiss

the five (5) unexhausted grounds in his Petition and proceed with the remaining grounds, his

federal Petition will be dismissed without prejudice.

### Recommendation

    The Court respectfully recommends that Mr. Walton's Petition Under  28 U.S.C. § 2254

for Writ of Habeas Corpus by a Person in State Custody **[Doc. 1]** be DISMISSED without

prejudice based on non-exhaustion of claims.

    Within fourteen (14) days after a party is served with a copy of these proposed findings

and recommendations that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections

to such proposed findings and recommendations.  A party must file any objections within the

fourteen (14) day period allowed if that party wants to have appellate review of the proposed

findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_Robert Hayes Scott_
_____
ROBERT HAYES SCOTT
UNITED STATES MAGISTRATE JUDGE

---

    [4]The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a
one-year time limitation for filing petitions and mandates that the period begin to run on the
"date on which the judgment [of conviction] became final by the conclusion of direct review or
the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(1)(A); see Hoggro v.
Boone, 150 F.3d 1223, 1225 (10th Cir. 1998)).