**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ERIC COOPER WALTON,

       Petitioner,

vs.                                                                                                    Civil No. 11-196 RB/RHS

LAWRENCE JARAMILLO, Warden,

       Respondent.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS**
**AND RECOMMENDED DISPOSITION**

      Petitioner Eric Cooper Walton seeks relief according to 28 U.S.C. § 2254, which permits this Court to "entertain an application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the grounds that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254.  Petitioner filed his petition on March 1, 2011 seeking to vacate the judgment and sentence entered in Cause No. CR-2009-105 in the Third Judicial District Court, Dona Ana County, New Mexico.  [Doc. 1.] Respondent filed his answer on May 3, 2009. [Doc.12.] After a careful review of Petitioner's arguments and the documents submitted for judicial review, it is recommended that the petition be denied as without merit and that this case be dismissed with prejudice.

FACTUAL AND PROCEDURAL BACKGROUND

      On May 13, 2009, Petitioner entered his no contest plea in open court and was convicted of  "the offense of Criminal Sexual Contact of a Minor in the Third Degree (Child Under 13), a third-degree felony for a sexual offense against a child, contrary to 30-9-13(C), NMSA 1978 . . . as charged in Count I of the Grand Jury Indictment." [Doc. 12-1, Ex. A.]  Petitioner entered into a written Repeat Offender Plea and Disposition Agreement ("Plea Agreement") filed with the

state court on May 14, 2009. [Doc. 12-1, Ex. B.]  The state court conducted a thorough plea colloquy advising Petitioner "of the full consequences of his plea including the maximum penalty provided by law for the offenses to which the plea is offered." [Doc. 12-1, Ex. G.]  The state court found that Petitioner "knowingly, voluntarily and intelligently pleads guilty to the charges." [Doc. 12-1, Ex. B.]  On June 22, 2009, Petitioner was sentenced to three years in the penitentiary followed by parole of an indeterminate period of five (5) to twenty (20) years. [Doc. 12-1, Ex. A.]  On August 24, 2009, the state court heard the State's Motion to Amend the Plea and Disposition Agreement to correct an error in the plea agreement regarding the offense and requisite sentence. [Doc.12-1, Ex. A.]  Petitioner was present at the August 24, 2009 hearing, represented by counsel and "ensured the Court that he still wanted to enter into the plea agreement in light of the change." Id.  The state court sentenced Petitioner to a term of six years followed by supervised parole of an indeterminate period of 5 to 20 years. Id.  The state court suspended three years of the sentence. Id.

On February 5, 2010, Petitioner filed a petition for writ of habeas corpus in state court. [Doc. 12-1, Ex. D.]  He alleged a total of twelve (12) grounds. Id.  On December 14, 2010, the state judge denied relief and dismissed the petition. [Doc. 12-1, Ex. G.]  Petitioner then filed a petition for writ of certiorari which the New Mexico Supreme Court denied on January 24, 2011. [Doc. 12-1, Exs. H & I.]

Petitioner's § 2254 petition in this Court raises the same issues he raised below.  The Petitioner also asserted five additional grounds in a section entitled "Addendum to Original Writ of Habeas Corpus." [Doc. 1.]  On July 27, 2011, this Court entered "Magistrate Judge's Proposed Findings and Recommended Disposition." [Doc.17.]  Based on this Court's determination that the five additional grounds were unexhausted claims, the Court recommended

that the Petition be dismissed.  Petitioner filed a motion to withdraw and dismiss the five unexhausted grounds from his Petition and proceed with his federal Petition solely on his twelve exhausted grounds. [Doc. 16.]  On August 24, 2011, The Honorable Robert C. Brack, United States District Judge, entered the Order Granting Petitioner's Motion dismissing the five unexhausted grounds and directing this Court to "consider Mr. Walton's Petition solely on the twelve (12) grounds listed in "'Grounds for filing this Writ of Habeas Corpus and seeking relief pertaining to my Judgment and Sentencing' section of the Petition." [Doc. 17.] This Court now considers the twelve exhausted grounds alleged for habeas relief.

## LEGAL STANDARD AND ANALYSIS

A claim that has been adjudicated on the merits in state court will be reviewed under the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Turrentine v. Mullin, 390 F.3d 1181, 1188 (10th Cir. 2004).  Under AEDPA, the Court cannot grant habeas relief pursuant to  28 U.S.C. § 2254(d), unless the decision in the state court proceeding (1) is "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or (2) is "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254 (d)(1) - (2).  State court decisions must be given the benefit of the doubt.  Byrd v. Workman, 645 F.3d 1159, 1166 (10 Cir. 2011) (citing Renico v. Lett, __ U.S. __, 130 S. Ct. 1855, 1862 (2010)).  AEDPA increased the deference federal courts must show state court's factual findings and legal determinations. Houchin v. Zavara, 107 F.3d 1465, 1470 (10th Cir. 1997).  The Court must presume the factual findings made by the state court are correct and the Petitioner has the burden of rebutting this presumption by "clear and convincing evidence." 28 U.S.C. § 2254 (e)(1).

**I. Plea Agreement Waived All Non- Jurisdictional Defects.**

In Grounds 1, 2, 3, and 4 Petitioner asserts the following claims: (1) the State pressured witnesses, (2) Petitioner could not call witnesses to testify on his behalf, (3) he was not read his Miranda rights until arraignment, and (4) the delay between arrest and arraignment was unreasonable, although he pled no contest in his criminal proceeding.

A guilty plea admits all elements of the charge and waives all non-jurisdictional defects. United States v. Riles, 928 F.23d 339, (10th Cir. 1991). Stated another way, a guilty plea generally waives the right to appeal. United States v. Broce, 488 U.S. 563, 569 (1989) ("a plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and lawful sentence.") The test "for determining the validity of a guilty plea [or plea of no contest] is 'whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant'." Tovar Mendoza v. Hatch, 620 F.3d 1261, 1269 (10th Cir. 2010) (citing Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting North Carolina v. Alford, 400 U.S. 25, 31, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970)). A federal court will "uphold a state court guilty plea on federal review if the circumstances demonstrate that the defendant understood the nature and consequences of the charges against him and that the defendant voluntarily chose to plead guilty." Miles v. Dorsey, 61 F.3d 1459, 1466 (10th Cir. 1995) (citing Boykin v. Alabama, 395 U.S. 238, 242-44 (1969)).

Petitioner signed the Plea Agreement which stated he was pleading no contest to the offense. [Doc. 12-1, Ex. B.] The state judge confirmed in the colloquy at the plea hearing, conducted on May 13, 2009, that Petitioner knowingly and voluntarily entered into the Plea Agreement. [Doc. 12-1, Ex. G.] When Petitioner had the opportunity to withdraw his plea at the

hearing on the Motion to Amend the Plea and Disposition Agreement ("Motion to Amend") held on August 24, 2009, Petitioner affirmed that he still wanted to proceed with his plea. [Doc. 12-1, Exs. A and G.] The record reflects that the amendment corrected the maximum sentence to six years for Criminal Sexual Contact of A Minor in the Third Degree. Id. The state court sentenced Petitioner to six years incarceration with three years suspended; Petitioner received the same benefit conferred by the initial Plea Agreement. [Doc. 12-1, Exhibit G]

Petitioner's plea precluded the need for a trial. Therefore, there was no need for any witnesses to testify. Moreover, Petitioner's plea waived any right to challenge the alleged constitutional defects which occurred prior to entering into the plea, namely, his allegations that he was not read his Miranda rights or arraigned timely. Fisher v. Gibson, 262 F.3d 1135, 1143-44 (10th Cir. 2001). At sentencing, the state court made findings that Petitioner's plea was knowing and voluntary. [Doc. 12-1, Exs. B and G.] The state court, in denying Petitioner's identical claims, made findings in the state habeas proceeding that Petitioner waived any objections to any defects occurring prior to the Plea Agreement. [Doc. 12-1, Ex. G.] Based on the state court record, this Court finds that Petitioner's Plea Agreement was entered into knowingly and voluntarily and therefore, Petitioner is not entitled to relief for his claims in Grounds 1, 2, 3, and 4.

## II. Claims Failing to State Basis for Habeas Relief

In Grounds 5 and 10, Petitioner claims that (1) the date of the plea hearing was incorrect and (2) his bail was set at $50,000. [Doc. 1.] Petitioner failed to cite any legal basis to support these claims in the state habeas proceeding and similarly, he fails to support the same claims brought in this Petition. [Doc. 1.] Petitioner makes conclusory statements that his rights were violated. He contends that he cannot "recall going to court at all during the month of May

2009." He also contends that he entered his plea and signed the Plea Agreement in June 2009. The record speaks for itself as to the date the Plea Agreement was signed and the plea hearing was conducted, which was May 13, 2009.

Regarding his excessive bail claim, Petitioner states that "[t]he prosecution knew full well I could not afford even ten percent needed for a bail bondsman to be released" because he is disabled. The state judge in the habeas proceeding made findings that neither of the grounds were a basis for habeas relief citing N.M.R.A. 5-802. Relief under § 2254 is available to state prisoners only when denied federal statutory or constitutional rights. 28 U.S.C. § 2254. Petitioner fails to demonstrate that either of these claims violate any federal statutory or constitutional right. Even if Petitioner's claim that his bail was excessive had merit, the Plea Agreement precludes any claims based on defects prior to its execution. Fisher, 262 F.3d at 1143-44. For these reasons, the Court finds that Petitioner is not entitled to relief for his claims in Grounds 5 and 10.

### III. Claims that Amended Plea Agreement Violates Double Jeopardy

In Grounds 6 and 7, Petitioner challenges his conviction and asserts that (1) the amendment to his Plea Agreement resulted in the state court increasing his sentence, and (2) the amended conviction violated "the protection against double jeopardy." [Doc. 1.]

"The double jeopardy clause prohibits both successive prosecutions for the same offense and multiple punishments for a single offense." Thomas v. Kerby, 44 F.3d 884, 887 (10th Cir. 1995) (citing United States v. Dixon, 509 U.S. 688, 695-96 (1993)). None of the facts asserted by Petitioner implicate double jeopardy. Petitioner was not prosecuted for a second time nor did he receive multiple punishments. The state filed a Motion to Amend because there was an error in the initial Plea Agreement reflecting the incorrect maximum sentence. When the state court

conducted a hearing on August 24, 2009 to hear the Motion to Amend, Petitioner was present and represented by counsel.  The initial Plea Agreement listed a maximum sentence of three years for the offense Petitioner agreed to plead no contest. [Doc. 12-1, Ex. B.] At the hearing, the state court informed the Petitioner of his right to withdraw his plea. [Doc. 12-1, Ex. G.] Petitioner agreed to the amended Plea Agreement. Id.   Under the amended Plea Agreement, he was sentenced to six (6) years incarceration of which the state court suspended three (3) years.  Thus Petitioner retained the benefit conferred by the initial Plea Agreement.  Petitioner has not set forth any facts that would demonstrate that the amended Plea Agreement, or the Judgment and Order Partially Suspending Sentence, was contrary to or involved an unreasonable application of federal law, or unreasonable determination of facts in light of the evidence presented in the state court proceeding.

### IV.    Claim that Indeterminate Probation and Parole Are Cruel and Unusual Punishment

In Ground 8, Petitioner asserts that his sentence, which includes probation and parole to run concurrently for an indeterminate period of five (5) to twenty (20) years following incarceration, is cruel and unusual punishment.  "The Eight Amendment prohibits barbaric punishment and sentences disproportionate to the crime committed." U.S. v. Newsome, 898 F.2d 119, 121-22 (10th Cir. 1990) (citing Solem v. Helm, 463 U.S. 277, 284, 103 S.Ct. 3001, 3006, 77 L.Ed.2d 637 (1983); United States v. Gourley, 835 F.2d 249, 252 (10th Cir.1987), cert. denied, 486 U.S. 1010, 108 S.Ct. 1741, 100 L.Ed.2d 204 (1988)).  "[D]etermination of proper criminal penalties is a matter for legislative bodies." Newsome, 898 F.2d at 122 (citing Gourley, 835 F.2d at 252-53).  "[A] sentence within the prescribed statutory limits generally will not be found to be cruel and unusual. Id.

Petitioner's sentence was determined by the state court pursuant to N.M.S.A. §§31-21-

10.1 and 31-20-5.2. Petitioner does not demonstrate that these statutory provisions violate federal law nor does he introduce any evidence that his sentence is outside the prescribed statutory limits. Again, he makes conclusory statements; he contends that since he was sentenced to three years incarceration, the term of probation and parole is unreasonable. The Court finds that Petitioner failed to meet his burden under 11 U.S.C. § 2254(d) for the claim asserted in Ground 8.

## V.     Claim that No Contest Plea Was Induced

In Ground 9, Petitioner claims that his plea was unlawfully induced. Petitioner contends that he was not informed about the terms of probation and parole. This Court does not find Petitioner's claim credible. As discussed above in Section I, the Court finds that Petitioner entered into the Plea Agreement knowingly and voluntarily. The record reflects that the Plea Agreement [Doc. 12-1, Ex. B.] stated the duration of the probation and parole and the Judgment and Order Partially Suspending Sentence [Doc. 12-1, Ex A.] also stated the terms of probation and parole. The state judge's colloquy confirmed Petitioner's understanding of the terms of the Plea Agreement and that he was entering into the Plea Agreement voluntarily. For these reasons, the Court finds that Petitioner's claim should be denied.

## VI.     Claim for Ineffective Assistance of Counsel

In Ground 11, Petitioner asserts a claim for ineffective assistance of counsel for failing to provide an aggressive defense. He further states that counsel failed to elicit certain testimony from the Plaintiff at trial.

In order to succeed on a claim of ineffective assistance of counsel, Petitioner must show: (1) that counsel's performance fell below an objective standard of reasonableness as measured against prevailing professional norms. . ." and (2) that there is a reasonable probability that the

outcome would have been different but for counsel's inadequate performance.  Sandoval v. Ulibarri, 548 F.3d 902, 909 (10th Cir. 2008) (*citing* Strickland v. Washington, 466 U.S. 668, 688, 694 (1984))  In order to satisfy the first Strickland prong, Petitioner must identify "acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment."  Strickland, 466 U.S. at 690.  Petitioner must demonstrate that his counsel's performance fell below an objective standard of reasonableness.  The Court determines "whether, in light of all the circumstances, the identified acts or omissions were outside the . . . range of professionally competent assistance."  Id.  There is a strong presumption that counsel rendered adequate assistance and exercised reasonable professional judgment.  Strickland, 466 U.S. at 688.  "Conclusory allegations are insufficient to support an ineffective assistance of counsel claim."  U.S. v. Fisher, 38 F.3d 1144, 1147 (10th Cir.1994).

     Finding prejudice under the second Strickland prong, requires that the Petitioner demonstrate that his attorney's alleged deficient performance prejudiced the defense.  Strickland, 466 U.S.  at 687.  In the context of asserting ineffective assistance of counsel for a plea agreement, Petitioner is required to show that "counsel's deficient performance affected the outcome of the plea process and there is a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  U.S. v. Clingman, 288 F.3d 1183, 1186 (10th Cir. 2002) (*citing*  Miller v. Champion, 262 F.3d 1066, 1072 (10th Cir.2001), *cert. denied*, 534 U.S. 1140, 122 S.Ct. 1092, 151 L.Ed.2d 990 (2002)).

      In applying the two-part Strickland test, a court may address the performance and prejudice components in any order.  Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999) (*citing* Strickland, 466 U.S. at 697); Boltz v. Mullin, 415 F.3d 1215, 1222 (10th Cir. 2005).  The Court need not address both components if the petitioner fails to make sufficient showing of

either. Id.

Petitioner pleaded no contest to the offense he was charged with and did not go to trial. His counsel did not need to prepare a defense or examine any witnesses at a trial. The Court finds that Petitioner fails to demonstrate that counsel's performance prejudiced his defense.

### VII. Claim that State Court Prosecutor Withheld Exculpatory Evidence.

In Ground 12, Petitioner claims that the prosecution, in his state court proceeding, withheld exculpatory evidence. If the prosecution suppresses material evidence, there is a Brady violation. Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). Petitioner must demonstrate the following in order to establish the violation: (1) the state suppressed evidence, (2) the evidence was favorable to the Petitioner, and 3) the evidence was material to his defense. Scott v. Mullin, 303 F.3d 1222, 1230 (10th Cir. 2002). "Evidence is material if there is a reasonable probability that, had the state disclosed the evidence, the result of the trial would have been different." Strickler v. Greene, 527 U.S. 263, 281-82, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999).

The Court finds Petitioner's claim is not credible. Petitioner's claim refers to a fact he alleges in Ground 11, where he contends that his attorney did not question "why the victim was sitting at the kitchen table with four or five adults who were drinking alcohol, intoxicated and smoking marijuana." [Doc. 1.] The Court does not agree that this fact is exculpatory. The victim was a four year old child (Doc. 12-1, Ex. F.) whose presence while the adults were committing an illegal act does not mitigate Petitioner's offense. Petitioner does not identify any other evidence that was suppressed. Moreover, Petitioner decided to enter a plea and waived his right to trial. Since the Petitioner decided to plea, the prosecution did not obtain conviction by suppressing evidence. The Court finds that Petitioner does not demonstrate that any evidence

was suppressed and therefore, Petitioner's claim should be denied.

## RECOMMENDED DISPOSITION

The Court concludes that Petitioner is not entitled to any relief with respect to the claims raised in his § 2254 motion. Therefore, the Court recommends that Petitioner's motion [Doc. 1] be DENIED and that this civil proceeding be DISMISSED WITH PREJUDICE in its entirety.

Within fourteen (14) days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant 28 U.S.C. § 636(b)(1), file written objections to these proposed findings and recommended disposition. A party must file any objections with the clerk of the district court within the fourteen (14) day period allowed if that party would like to have appellate review of the proposed findings and recommendations. If objections are not filed, appellate review will not be allowed.

                                                   *Robert Hayes Scott*
                                        ROBERT HAYES SCOTT
                                        UNITED STATES MAGISTRATE JUDGE